United States District Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN JOOSTEN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-02427 |
| | § | |
| CHRIS WILLIAMS, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment, as supplemented. ECF 86; ECF 88; ECF 96.[1]  Having considered the submissions and applicable law, the Court RECOMMENDS that Plaintiff's Motion (ECF 86) be GRANTED, as follows.

### I.     Background.

This case arises from an alleged "elaborate Ponzi scheme" involving Plaintiff's purchase of stocks disguised as a real estate transaction.  Asserting diversity jurisdiction, Plaintiff filed an Original Complaint and Application for Preliminary Injunction on July 21, 2022, against Defendants Chris Williams; Jessica Williams; Michael Harbushka; Beach Villas at Orchid Bay, Inc.; Orchid Bay S.A., LLC; Bungalows at Orchid Bay, Inc.; Legacy Global Development, LLC; Legacy

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 40.

Global Sales, LLC; and the Living Trust of Jessica Rosenbach Williams ("JRW Trust").  ECF 1.  After default was entered against certain Defendants (ECF 32), Plaintiff moved to set aside the default because he had discovered additional damages and wanted to join other entities as defendants.  ECF 33.  Plaintiff then filed a First Amended Complaint (ECF 34) and the Court granted Plaintiff's Motion to Set Aside Entry of Default.  ECF 39.

Plaintiff's Amended Complaint adds Defendants Point Alegre Development Limited, LLC; Orchid Bay, LLC; and Point Alegre Development Limited.  ECF 34. The Amended Complaint alleges nine causes of action: (1) securities fraud under the Texas Securities Act ("TSA"); (2) securities fraud under the California Securities Act ("CSA"); (3) sale of unregistered, non-exempt securities in violation of the TSA; (4) sale of unqualified, non-exempt securities in violation of the CSA; (5) fraud in a stock transaction in violation of Texas Business & Commerce Code § 27.01; (6) common-law fraud; (7) fraudulent transfers in violation of Texas Uniform Transfers Act ("TUFTA") and California Uniform Voidable Transactions Act ("CUVTA"); (8) civil conspiracy; and (9) a demand for an accounting of Beach Villas OB's books and records pursuant to California Corporate Code § 1601. ECF 34 at 11-21.  Plaintiff also asserts in the Amended Complaint a claim of alter ego liability. *Id.* at 21-22.

Summonses for the Amended Complaint were issued on November 16, 2022. ECF 42.  Believing that Defendants were avoiding service, Plaintiff moved for substituted service of process as to all Defendants except Michael Harbushka. ECF 65.  Noting Plaintiff's diligence in his attempts to serve Defendants, the Court issued an Order for Substituted Service of Process on May 22, 2023 (ECF 67), authorizing substituted service (1) to the address listed as the entities' registered address; (2) by email to an address previously used by Chris Williams; and (3) by phone call and/or text message to the two phone numbers at which the process server had attempted to contact Defendants Chris Williams and Jessica Williams. *Id.* at 2-3.  Plaintiff successfully effected service on Defendants consistent with the terms of the Court's Order.  *See* ECF 68 to 78.

After Defendants failed to answer or appear, default was entered against all Defendants save Michael Harbushka (Defaulting Defendants) on August 2, 2023.[2] ECF 83.  On November 14, 2023 Plaintiff filed a notice of non-suit without prejudice as to Harbushka and Orchid Bay, LLC.  ECF 92.  On November 16, 2023 the Court dismissed Plaintiff's claims against Harbushka and Orchid Bay, LLC without prejudice.  ECF 93.  On August 14, 2023, Plaintiff filed a Motion for Default Judgment against the Defaulting Defendants, seeking rescission of the sale, return

---

[2] Plaintiff has notified the Court that he did not request entry of default against Orchid Bay, LLC. *See* ECF 81.  Thus, Orchid Bay, LLC is not included in the Court's use of the term "Defaulting Defendants."

of his investment funds, pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees and expenses. ECF 86; ECF 88. The Court held a hearing on Plaintiff's Motion on December 11, 2023. *See* ECF 95. After the hearing, Plaintiff supplemented his Motion for Default Judgment to include an updated damages calculation and to inform the Court that although he seeks recovery of attorneys' fees, he no longer seeks recovery of costs or other legal expenses. ECF 96.

## II.   Analysis.

Federal Rule of Civil Procedure 55(a) grants courts the authority to enter a default judgment against a defendant who fails to plead or otherwise defend itself. "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-CV-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (emphases omitted) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). Here, the Defendants who remain in the case have defaulted, the clerk has entered default, and the Court now must determine whether default judgment should be entered. In making this determination, the Court considers (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J*

*& J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citations omitted).

### A. Default Judgment is procedurally warranted.

To determine whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the six *Lindsey* factors: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether the grounds for default are clearly established," (4) "whether the default was caused by a good faith mistake or excusable neglect," (5) "the harshness of a default judgment," and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *1 (W.D. Tex. Nov. 23, 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Consideration of the *Lindsey* factors establishes that a default judgment is procedurally warranted in this case. First, no material facts are at issue because the Defaulting Defendants failed to respond to or answer the suit. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) ("[B]ecause Eltman has not filed any responsive pleading, there are no material facts in dispute."). Second, the Defaulting Defendants' failure to appear "threatens to bring the adversary process to a halt, effectively prejudicing [Plaintiff's] interests" in pursuing his claims for relief. *Id.*

Next, the grounds for default have been clearly established, as demonstrated by the Court's Order granting entry of default, and nothing in the record indicates the default was the result of Defendants' good faith mistake or excusable neglect. The Defaulting Defendants have not attempted to set aside the default in the approximately five months since it was entered.  While default judgment is a harsh remedy, any harshness of default judgment is mitigated where, as here, Defendants have had substantial time to correct the default. *Helena Chem. Co. v. Aylward*, No. 4:15-CV-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).  Finally, the Court is unaware of any reason the district court would be obligated to set aside the judgment if, at some point in the future, the Defaulting Defendants were to challenge the default. *Lindsey*, 161 F.3d at 893.  In sum, consideration of all of the relevant factors demonstrates that default judgment is procedurally warranted in this case.

### B. Plaintiff's Amended Complaint provides a sufficient basis for the relief sought in the Default Judgment.

To determine Plaintiff's entitlement to the relief sought in the default judgment, the Court considers whether Plaintiff's well-pleaded factual allegations, taken as true, allege a valid cause of action. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022).  Here, Plaintiff seeks a finding by default judgment that the Defaulting Defendants violated the Texas Securities Act ("TSA") and the California Securities Act ("CSA").  ECF 86 at 1.

The TSA provides a cause of action for misrepresentations or omissions made in connection with a securities transaction. A person violates the TSA if he sells or offers a security "by means of an untrue statement of a material fact or an omission to state a material fact [which is] necessary in order to make the statements ... not misleading." TEX. GOV'T CODE § 4008.052(a). A person who, directly or indirectly, controls the seller of a security who violated § 4008.052, is jointly and severally liable with the seller and to the same extent as the seller. TEX. GOV'T CODE § 4008.055(a). Like the TSA, the CSA provides a cause of action for misrepresentations or omissions made in connection with a securities transaction, *see* CAL. CORP. CODE § 25401, and provides for joint and several liability of the controller with the seller, *see* CAL. CORP. CODE § 25504. As described below, Plaintiff's Amended Complaint sufficiently alleges the Defaulting Defendants violated the TSA and CSA.

The Amended Complaint alleges that Defendant Chris Williams: was the director and managing member of Orchid Bay S.A., LLC; was the managing member of Legacy Global Development, LLC and Legacy Global Sales, LLC through May 2021; and transferred his Legacy Global Sales managing member position to the JRW Trust. ECF 34 at ¶ 18. The Amended Complaint also alleges that Jessica Williams is the controller of Legacy Global Sales. *Id.*

According to the Amended Complaint, Plaintiff entered into a Purchase & Sale Agreement ("PSA") with Defendant Orchid Bay S.A., LLC to purchase one share of an ownership interest in Beach Villas at Orchid Bay, Inc. in exchange for exclusive access to a villa that was to be built by Defendants using Plaintiff's investment funds.  ECF 34 at ¶¶ 17, 19.  Chris Williams signed the PSA on behalf of Orchid Bay S.A.  ECF 88-5 at 11.  Plaintiff invested a total of $508,000.00. ECF 34 at ¶ 25.

The Amended Complaint also alleges that Defendants made various false statements and withheld pertinent information from Plaintiff when selling him the share of an ownership interest.  *See* ECF 34 at ¶¶ 19, 21–24, 29–30.  Specifically, Plaintiff alleges that Defendants: (1) represented that they had ownership in the land on which the villa was to be built and failed to inform Plaintiff they only leased the land from the government of Belize (ECF 34 at ¶¶ 19, 21); (2) represented that Plaintiff's investment would be used to build his specific villa when Defendants actually intended to pool Plaintiff's investment (*id.* at ¶ 29); (3) did not disclose that Defendants owed significant back taxes to the Belize government (*id.* at ¶¶ 21–22); (4) did not disclose that the entities were newly formed and undercapitalized or that at the time of the PSA, the contracting party, Orchid Bay S.A. LLC, did not yet exist and was organized two months after Plaintiff signed the PSA (*id.* at ¶¶ 24, 29); (5) did not disclose that they had ongoing disputes with other Orchid Bay residents

(*id.* at ¶ 29); and (6) did not disclose that they were not licensed or registered to sell securities or that they would be taking undisclosed commissions (*id.*).  The Amended Complaint alleges Defendants did not use Plaintiff's investment funds pursuant to the PSA and instead used the funds to "pay off some back taxes owed to the Belize Government, to fund Williams and Legacy Development's legal fees [in a separate matter], and to make up for the Orchid Bay Homeowners Association's annual deficit."  ECF 34 at ¶ 17.  Plaintiff alleges he would not have purchased the stock if Defendants had disclosed their situation or how his investment funds would be used. *Id.* at ¶ 30.

Plaintiff further alleges that Defendants are alter egos of each other and that either Chris Williams or Jessica Williams was in control of the Entity Defendants[3] at all relevant times.  ECF 34 at ¶¶ 27, 36, 48.  Williams used these entities to commit the wrongdoings that injured Plaintiff.  *Id.* at ¶ 48.  The Entity Defendants' funds were comingled with those of each other and with Williams' personal funds.  *Id.* Chris Williams transferred funds from the Entity Defendants to the JRW Trust or to Jessica Williams directly.  *Id.* at ¶ 43.

Assuming the above allegations to be true, *see Escalante*, 34 F.4th at 492, the Amended Complaint supports a valid cause of action and joint and several liability

---

[3] The Entity Defendants are Beach Villas at Orchid Bay, Inc.; Orchid Bay S.A., LLC; Bungalows at Orchid Bay, Inc.; Legacy Global Development, LLC; Legacy Global Sales, LLC; Point Alegre Development Limited, LLC; Point Alegre Development Limited; and the JRW Trust.

among the Defaulting Defendants for securities fraud in violation of the TSA and CSA.

### C. Plaintiff is entitled to some of the relief he seeks.

A defendant's default establishes liability but not the amount of damages. *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). Unless the amount can be "computed with certainty by reference to the pleadings and supporting documents alone[,]" the amount of damages awarded in a default judgment must be supported by evidence at a hearing or demonstrated by detailed affidavits. *Joe Hand Promotions*, 2020 WL 6876208, at *3.

At the December 11, 2023 hearing on Plaintiff's Motion for Default Judgment, Plaintiff informed the Court that he is electing to pursue remedies under the TSA. *See* ECF 95. He seeks the rescission of the security sale, return of his $508,000.00 investment along with pre-judgment interest at the rate of 8.5%, attorney's fees, and post-judgment interest. *See* ECF 88; ECF 96.

#### 1. Rescission and pre-judgment interest.

Under the TSA, Plaintiff may sue for rescission of the sale of security. TEX. GOV'T CODE § 4008.052(b). On rescission, Plaintiff is entitled to "recover the consideration [he] paid for the security plus interest on the consideration at the legal rate from the date [he] made the payment, less the amount of any income [he] received on the security." TEX. GOV'T CODE § 4008.056(a). Here, Plaintiff has

submitted an affidavit stating that he paid a total of $508,000.00 to the Defaulting Defendants, in multiple payments, in exchange for the security. ECF 88-4 at 2. Nothing in the record demonstrates that Plaintiff received income on the security, which was alleged to be a share of an ownership interest in real estate. Therefore, Plaintiff is entitled to recover the $508,000.00 he paid for the security.

Plaintiff is also entitled to recover pre-judgment interest on the payments comprising the $508,000.00 from the date each payment was made. TEX. GOV'T CODE § 4008.056(a). In diversity cases, pre-judgment interest is calculated in accordance with state law. *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Under Texas law, unless a contract specifies the rate, pre-judgment interest is calculated at the post-judgment interest rate and is computed as simple interest. TEX. FIN. CODE §§ 304.103, 304.104. The post-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation," unless that rate is less than five percent or more than fifteen percent. TEX. FIN. CODE § 304.003(c). Thus, this provision sets a floor of five percent and a ceiling of fifteen percent for post-judgment and pre-judgment interest under Texas law. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 415 (5th Cir. 2011) (citing *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271

S.W.3d 238, 255 (Tex. 2008)).  The current prime rate is 8.5%.[4]  Therefore, the Court will apply a pre-judgment interest rate of 8.5% in this case.[5]

Plaintiff seeks a total of $130,346.22 in pre-judgment interest as of the filing of his Supplement.  ECF 96 at 3; ECF 96-1.  To support the award of pre-judgment interest, Plaintiff identifies the following payment dates from which the calculation of pre-judgment interest commences:  September 25, 2020 ($5,000, $164,000, and $169,000); December 21, 2020 ($30,000); February 23, 2021 ($40,000); June 17, 2021 ($50,000); and July 19, 2021 ($50,000).  ECF 96-1; ECF 88-8.  Plaintiff's evidence supports an award of pre-judgment interest calculated as follows:

- [daily pre-judgment interest] x [the number of days from September 25, 2020 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $1.16, calculated as follows: ($5,000 x (8.5% / 365)).

- [daily pre-judgment interest] x [the number of days from September 25, 2020 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $38.19, calculated as follows: ($164,000 x (8.5% / 365)).

---

[4] *See Selected Interest Rates (Daily) – H.15*, Bd. Governors of the Fed. Rsrv. Sys., https://www.federalreserve.gov/releases/h15/ (last visited Dec. 27, 2023); *see also Interest Rates*, Tex. Off. Consumer Credit Comm'r, https://occc.texas.gov/publications/interest-rates (last visited Dec. 27, 2023).

[5] Plaintiff originally sought a pre-judgment interest rate of 5%.  ECF 86 at 2; ECF 88 at 6; *see also* ECF 95 ("At the hearing, Plaintiff's counsel advised that Plaintiff … is seeking pre-judgment interest at a rate of 5%.").  However, Plaintiff requests a rate of 8.5% in his supplement.  ECF 96 at 3.

- [daily pre-judgment interest] x [the number of days from September 25, 2020 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $39.36, calculated as follows: ($169,000 x (8.5% / 365)).

- [daily pre-judgment interest] x [the number of days from December 21, 2020 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $6.99, calculated as follows: ($30,000 x (8.5% / 365)).

- [daily pre-judgment interest] x [the number of days from February 23, 2021 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $9.32, calculated as follows: ($40,000 x (8.5% / 365)).

- [daily pre-judgment interest] x [the number of days from June 17, 2021 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $11.64, calculated as follows: ($50,000 x (8.5% / 365)).

- [daily pre-judgment interest] x [the number of days from July 19, 2021 until the day on which judgment is entered].  Daily pre-judgment interest for this section is $11.64, calculated as follows: ($50,000 x (8.5% / 365)).

## 2.  Attorneys' fees.

The TSA provides that on rescission, a prevailing plaintiff "shall … recover costs" and "may also recover reasonable attorney's fees if the court finds that the recovery is equitable under the circumstances."   TEX. GOV'T CODE § 4008.060.

13

Plaintiff requests attorneys' fees in the amount of $67,106.50.[6]   ECF 96 at 3;
ECF 96-1.   In support of the request, Plaintiff's counsel has submitted (1) an
affidavit setting forth the qualifications and experience of the individuals in the firm
who worked on this case and (2) timesheets detailing the work completed, the
amount of time allocated to each task, and the associated fee.   *See* ECF 88-1;
ECF 88-2.   Counsel attests that he is familiar with the factors to be considered in
determining the reasonableness of attorneys' fees and that the amount requested is
reasonable in accordance with such factors.   ECF 88-1 at 3–7.   Plaintiff has also
submitted an affidavit stating he was charged $67,106.50 in attorneys' fees.   ECF 88-
4 at 2.

Under the circumstances of this case, the Court finds an award of attorneys'
fees to be equitable.   The affidavits and accompanying documents submitted by
Plaintiff and his counsel support a total award of $67,106.50 in attorneys' fees.

### 3. Post-judgment interest.

Plaintiff also requests post-judgment interest at a rate of 8.5% per annum.
ECF 96 at 3.   In diversity cases, state law controls the award of pre-judgment
interest, but federal law controls the award of post-judgment interest.   *ExxonMobil*

---

[6] Plaintiff originally requested costs and attorneys' fees and expenses in the amount of $78,461.50.
ECF 86; ECF 88 at 56.   After the Court asked Plaintiff to identify specifically the "costs" he was
seeking to recovery, Plaintiff agreed in his Supplement that the expenses he was seeking do not
qualify as "costs" and therefore he is no longer seeking compensation for them.   ECF 96 at 2.

14

*Corp. v. Elec. Reliability Servs., Inc.*, 868 F.3d 408, 419 (5th Cir. 2017).  "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  Since post-judgment interest is not discretionary, Plaintiff should recover post-judgment interest on the amounts awarded herein at the annual rate applicable at the date a final judgment is entered.  *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013).

## III.   Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 86), as supplemented (ECF 88; ECF 96) be GRANTED, as follows:

- That judgment by default be entered in favor of Plaintiff and against Defendants Chris Williams; Jessica Williams; the Living Trust of Jessica Rosenbach Williams; Point Alegre Development Limited, LLC; Point Alegre Development Limited; Beach Villas at Orchid Bay, Inc.; Orchid Bay S.A., LLC; Legacy Global Development, LLC; Legacy Global Sales, LLC; and Bungalows at Orchid Bay, Inc. for violations of the Texas Securities Act and the California Securities Act;

- That Plaintiff recover from the Defaulting Defendants, jointly and severally, his investment in the amount of $508,000.00, plus pre-judgment interest calculated as follows:

15

o  $1.16 x [the number of days from September 25, 2020 until the day on which judgment is entered]; plus

o  $38.19 x [the number of days from September 25, 2020 until the day on which judgment is entered]; plus

o  $39.36 x [the number of days from September 25, 2020 until the day on which judgment is entered]; plus

o  $6.99 x [the number of days from December 21, 2020 until the day on which judgment is entered]; plus

o  $9.32 x [the number of days from February 23, 2021 until the day on which judgment is entered]; plus

o  $11.64 x [the number of days from June 17, 2021 until the day on which judgment is entered]; plus

o  $11.64 x [the number of days from July 19, 2021 until the day on which judgment is entered].

- That Plaintiff recover from the Defaulting Defendants, jointly and severally, attorneys' fees in the amount of $67,106.50; and

- That Plaintiff recover post-judgment interest from the Defaulting Defendants, jointly and severally, on the amounts awarded herein at the annual rate applicable at the date a final judgment is entered.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 27, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge